# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **Cr. ID No. 1104021773** |
| | ) | |
| **EDWARD McLAUGHLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

*Upon the Motion of Defendant Edward McLaughlin for Postconviction Relief* **– DENIED**

    *Submitted:*  *April 2, 2014*
    *Decided:*   *July 2, 2014*

*Upon Motion to Withdraw as Counsel for Petitioner Edward McLaughlin* **- GRANTED**

    *Submitted:*  *April 2, 2014*
    *Decided:*   *July 2, 2014*

## MEMORANDUM OPINION

**Rocanelli, J.**

On April 26, 2011, Edward McLaughlin was arrested on eight (8) counts of rape in the second degree of his 8 year-old stepdaughter and two (2) counts of endangering the welfare of a child regarding the same alleged victim. McLaughlin was indicted by a grand jury on five (5) counts of rape in the second degree and was tried on these indictments in November of 2011. Counsel was appointed to represent McLaughlin at trial ("Trial Counsel").

The trial ended November 10, 2011 in a mistrial when the jury was unable to reach a unanimous verdict. On March 26, 2012, McLaughlin was again indicted by a grand jury and on April 10, 2012, a second trial – in which Trial Counsel relied on primarily the same strategy he employed in the first trial – concluded with the jury finding McLaughlin guilty of four (4) counts of rape in the second degree. On July 6, 2012, McLaughlin was sentenced to 100 years of incarceration – 25 years for each count – followed by 10 years of probation.

McLaughlin challenged the grand jury indictments on the grounds that each of the rape charges was identical and therefore it was not possible to tell which count referred to which alleged incident. The trial court found the indictments to be valid and, upon appeal, the Delaware Supreme Court affirmed the convictions.

After the Delaware Supreme Court affirmed the convictions, McLaughlin filed a motion for postconviction relief on the grounds of ineffective assistance of counsel. John Barber, Esquire was appointed to represent McLaughlin ("Rule 61

Counsel"). On March 18, 2014, Rule 61 Counsel filed a motion to withdraw from representing McLaughlin on the basis that the evidence did not support a good faith argument that McLaughlin's trial counsel had been ineffective in representing him.

McLaughlin responded to the motion filed by Rule 61 Counsel on April 2, 2014 challenging the conclusion that there was not sufficient evidence to demonstrate ineffective assistance of counsel, specifically challenging the cross-examination of the alleged victim. The alleged victim was a child who, at the time of the incidents, was eight years old, and who was ten years old at time of the trials. McLaughlin was the victim's legal guardian and acted as her stepfather from the time that custody was taken away from the victim's mother until McLaughlin was charged with raping her.

## I. McLaughlin's Rule 61 Motion for Postconviction Relief

McLaughlin filed a Motion for Postconviction Relief on March 14, 2013 pursuant to Superior Court Criminal Rule 61 as a self-represented litigant.[1] Rule 61 governs motions for postconviction relief. McLaughlin argues that Trial Counsel's cross-examination of the alleged victim consisted only of questions about where the alleged victim had lived during her lifetime and was irrelevant to McLaughlin's defense. McLaughlin argues that Trial Counsel did not challenge

---

[1] Del. Super. Crim. R. 61.

the alleged victim's motive for testifying and therefore "acquiesced" to the State's prosecution of him, resulting in a failure to subject the prosecution's case to a meaningful adversarial testing.

The Sixth Amendment guarantees defendants in criminal trials the right to counsel.[2] In order to assure that the outcome of a criminal trial is just, defendants furthermore have "the right to effective assistance of counsel."[3] To succeed on a claim for ineffective assistance of counsel, a defendant must show that (1) trial counsel's representation fell below an objective standard of reasonableness and (2) counsel's conduct prejudiced defendant.[4]

The U.S. Supreme Court has pointed to "prevailing professional norms" as the standard against which to judge the reasonableness of counsel's representation with great deference given to Trial Counsel's strategic judgments.[5] Simply because another strategy may have produced a better outcome in hindsight is not enough for a court to rule that a lawyer's assistance was ineffective, given the strong presumption that the assistance was adequate.[6]

Even if it can be shown that a professionally unreasonable error is made by counsel, a defendant must still show that the error had an effect on the judgment.[7]

---

[2] *Gideon v. Wainright*, 372 U.S. 335 (1963).
[3] *McMann v. Richardson*, 397 U.S. 759, 771 (1970).
[4] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[5] *Id*. at 690.
[6] *Id*.
[7] *Id*. at 692.

Here, the court must look to see if there is a reasonable probability that the judgment would have been different had counsel not made the error.[8]  This standard is lower than a preponderance of the evidence standard as it only needs to undermine confidence in the outcome of the trial.[9]

Because a defendant must show both that an attorney made a professionally unreasonable error and that the error had an effect on the judgment, failure to prove either is sufficient to defeat a claim of ineffective assistance.

Trial Counsel made a strategic decision in this case not to directly challenge the ten-year old alleged victim's story on cross-examination.  His professional experience with juries, as well as basic common sense, likely led him to conclude that aggressively questioning a child witness posed a serious risk of prejudicing the jury against McLaughlin. Trial counsel instead relied on McLaughlin's own testimony to refute the story given by the victim, providing an alternative to conviction if the jury found McLaughlin to be a more credible witness than the child victim.  Furthermore, Trial Counsel had reason to believe that such a strategy could be effective because the first trial resulted in a hung jury: a result that was achieved using a similar line of questioning during cross-examination.  Because

---

[8] *Id*. at 694.
[9] *Id*.

this was a reasonable strategic decision in line with professional norms, Trial Counsel did not make an unprofessional error.[10]

However, even if it were the case that Trial Counsel had made a professional error by not more aggressively cross-examining the alleged victim, McLaughlin would still need to show that the error had an effect on the verdict. Given the extremely sympathetic nature of the child victim, and the impact that her testimony had on the jury (as discussed on the record), avoiding aggressive cross-examination was a reasonable strategy. In McLaughlin's trial, the child victim had the opportunity to present her story and McLaughlin testified as witness own his own behalf. As triers of fact, the jury had the sole responsibility to judge the credibility of witnesses and resolve inconsistencies in testimony. Based on the verdict, it is clear that the jury accepted the testimony of the victim and rejected the contrary testimony of McLaughlin.

The Court notes that McLaughlin does not point to any specific line of questioning which may have undermined the alleged victim's credibility. Given all the evidence presented at trial, it is unlikely that aggressive cross-examination of the child victim would have had an effect on the outcome of the trial. Furthermore, as was discussed above, there was also a chance that more aggressive cross-

---

[10] *See Id.*

examination would have alienated the jury. There was no prejudice to McLaughlin.

## II.     Rule 61 Counsel's Motion to Withdraw as Counsel for McLaughlin

After reviewing the record to determine if there were any other meritorious grounds for relief and concluding that there are no meritorious grounds for relief, Rule 61 Counsel filed a Motion to Withdraw as Counsel pursuant to Superior Court Criminal Rule 61(e)(2). Withdrawal may be appropriate when "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, [and therefore] counsel may move to withdraw."[11] The Court must also conduct a review of the record to determine whether the defendant's motion contains any reasonable grounds for relief.[12]

Rule 61 Counsel has stated that he undertook a thorough analysis of the record to evaluate McLaughlin's claim of ineffective assistance of counsel and has determined that the claim does not have enough merit to be ethically advocated. Specifically, Rule 61 Counsel has concluded that there is not sufficient evidence to conclude that McLaughlin's trial counsel was ineffective. Rule 61 Counsel emphasizes that the jury's inability to reach a guilty verdict in the first trial is evidence that the cross-examination of the alleged victim was reasonable because

---

[11] Sup. Ct. Crim. R. 61(e)(2).
[12] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. December, 12, 2013).

the substance of the cross-examination in both trials was substantially similar, and the jury failed to convict McLaughlin in the first trial. Rule 61 Counsel also reviewed the record to determine if any other meritorious grounds for relief exist, and concluded that there are no other meritorious grounds for relief. Finally, the Court, in Section I of this opinion, has reviewed McLaughlin's Motion for Postconviction Relief on the merits and has determined that there are no meritorious grounds for relief.

## III.    CONCLUSION

There is no merit to the claims asserted by McLaughlin. Trial Counsel made a strategic decision not to directly challenge the testimony of the alleged victim at trial, but instead elected to present the contrary testimony of McLaughlin and allow the jury to decide whom they believed. The alternative strategy, which McLaughlin argues ought to have been pursued, of aggressively challenging the testimony of a ten year-old victim in front of a jury, had the potential to antagonize the jury and thereby prejudice McLaughlin. Therefore, Trial Counsel made a reasonable decision in pursing such the trial strategy.

Furthermore, this Court cannot rely on hindsight in determining which strategy would have been superior; it may only determine whether the particular strategy employed was reasonable given the circumstances. Therefore, because there was no unreasonable error by Trial Counsel, the claim of ineffective

assistance fails. Additionally, because the first prong of the test for ineffective assistance has not been met, the second, which looks at whether an unprofessional error has prejudiced a defendant, is moot and need not be analyzed. As such, there are no grounds for Postconviction Relief.

Rule 61 Counsel was appointed by the Court to represent McLaughlin in the postconviction proceedings and, after a careful review, concluded that there are no meritorious grounds for postconviction relief and that no other grounds for relief exist sufficient for Rule 61 Counsel to ethically advocate for McLaughlin. Accordingly, Rule 61 Counsel should be permitted to withdraw as counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED this July 2, 2014, the Motion for Postconviction Relief by Petitioner Edward McLaughlin is hereby DENIED and the Motion of John Barber, Esquire to Withdraw as Counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**Honorable Andrea L. Rocanelli**